IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HELEN BRANCHAL,
         Plaintiff,

v.                                                                                       No. 1:16-CV-985-KRS

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,
         Defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not disabled under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b), the Court has examined the administrative record as a whole and considered Plaintiff's Motion to Reverse and Remand to Agency for Rehearing, filed February 19, 2017 [Doc. No. 18], the Commissioner's response in opposition, filed May 17, 2017 [Doc. No. 26], and Plaintiff's Reply, filed May 31, 2017 [Doc. No. 28]. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion is not well-taken and should be denied.

### I. PROCEDURAL BACKGROUND

On October 31, 2011, Plaintiff filed an application for supplemental security income, alleging that she had been disabled since October 27, 2011, due to diabetes, thyroid, neuropathy, back injury, anxiety, post-traumatic stress disorder ("PTSD"), depression, and hearing loss in right ear. [Doc. No. 15-1, p. 206]. On March 1, 2012, it was determined that Plaintiff was not disabled and her claim was denied. [Doc. No. 15-1, pp. 84, 97]. This determination was affirmed on October 22, 2012 [Doc. No. 15-1, p. 98], and a subsequent hearing before an

administrative law judge ("ALJ"), held on March 31, 2014, again, ended in a denial. [Doc. No. 15-1, pp. 39-51]. The ALJ's decision became final when, on August 5, 2016, the Appeals Council denied Plaintiff's Request for Review. [Doc. No. 15-1, p. 6].

## II. STANDARD

It is well-established that the Court's role in reviewing the Commissioner's decision is limited to determining whether the ALJ's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (internal citation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (internal quotation marks omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* Yet, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## III. ANALYSIS

### A. Disability Framework

"Disability," as defined by the Social Security Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A). The Act further adds that for the purposes of § 1382c(3)(A):

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(3)(B).

When evaluating a disability claim under this standard, the ALJ employs a five-step sequential process. 20 C.F.R. § 416.920. In the first three steps, the claimant must prove that he or she (1) is not engaged in any substantial gainful activity; (2) has a severe physical or mental impairment, or combination of impairments, that meets the twelve month duration requirement; and (3) has an impairment, or combination thereof, that meets or equals a listing in 20 C.F.R. pt. 404, subpt. P, App. If the claimant meets the requirements of steps one, two, and three, he or she is presumed to be disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4)(iii). At step four, the claimant must show that he or she cannot engage in past relevant work. 20 C.F.R. § 416.920(4)(i)-(iv). If the disability claim survives step four, the burden shifts to the ALJ to prove, at step five, that the claimant is able to adjust to other jobs presently available in significant numbers in the national economy. 20 C.F.R. § 416.920(4)(v). *See also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

Steps four and five are based on an assessment of the claimant's residual functional capacity ("RFC") which gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 416.945(a)(1).

## B. The ALJ's Determination

In his July 16, 2014 decision, ALJ Frederick E. Upshall, Jr. engaged in the sequential analysis set forth above, first finding that Plaintiff had not engaged in substantial gainful activity since her application date of October 27, 2011. At step two, ALJ Upshall found that Plaintiff has severe impairments in the form of hearing loss, diabetes mellitus with neuropathy, obesity, fibromyalgia, depression, and PTSD. [Doc. No. 15-1, p. 41]. At step three, he determined that none of Plaintiff's impairments—either alone or in combination—met or medically equaled the severity of a listed impairment.

ALJ Upshall then carried out the required RFC assessment, finding that Plaintiff has the residual functional capacity to perform light, unskilled work "except she can occasionally stoop, crouch, kneel, crawl, and climb ramps or stairs, but never climb ladders, ropes, or scaffolds." [Doc. 15-1, p. 44]. ALJ Upshall further determined that Plaintiff "can perform frequent (as opposed to constant) handling…and fingering," that she is limited to work that does not require frequent telephone or verbal communication, and that her work should involve only occasional interaction with the public. [*Id.*]

With no past relevant work to consider at step four, ALJ Upshall proceeded to step five where he concluded that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and thus was not disabled. [Doc. No. 15-1, p. 50].

## C. Challenges to the ALJ's Determination

Plaintiff challenges the ALJ's determinations at steps four and five of the analysis, arguing that ALJ Upshall: (1) improperly evaluated the opinion evidence of agency medical

consultant, Michael Gzaskow, M.D.;[1] (2) failed to properly consider Plaintiff's impairment of obesity; and (3) improperly relied upon vocational expert ("VE") evidence that conflicted with the occupational information supplied by the Dictionary of Occupational Titles ("DOT").

Unfortunately, Plaintiff's pleadings are heavy on allegation but bereft of analysis.[2] Not only is this contrary to our local rules and standard procedures, but it also makes it difficult to discern the substance of Plaintiff's arguments. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief"); D.N.M.LR-Civ. 7.3 (mandating that a movant's legal and factual assertions must be supported with authority and evidence). Even so, the Court has considered Plaintiff's arguments as presented and finds all three to be without merit.

### 1. Dr. Gzaskow's Opinion Evidence

ALJ Upshall's decision to deny Plaintiff's claim for disability benefits was based, in part, on a consideration of opinion evidence provided by state agency medical consultants, including evidence submitted by Michael Gzaskow, M.D. In his Notice of Unfavorable Decision, ALJ Upshall mentioned the examinations conducted by each agency doctor and noted various portions of each resulting report. [15-1, pp. 46-49]. Plaintiff contends that the ALJ's discussion of this evidence failed to include Dr. Gzaskow's assessment that "Claimant has a difficult time relating to others due to her chronic depression/anxiety and PTSD issues." [Doc. No. 15-1, p. 358].

---

[1] The Court notes that Plaintiff originally argued that ALJ Upshall erred in evaluating the opinion evidence of both Dr. Strain and Dr. Gzaskow. [Doc. No. 18, pp. 12-13]. Following Defendant's response, however, Plaintiff modified her argument to only include the allegations regarding Dr. Gzaskow. [Doc. No. 28, pp. 1-2].
[2] While Plaintiff does cite case law and Social Security regulations, she fails to tether these citations to her allegations.

While ALJ Upshall did not specifically mention the above-cited statement in question, he did note that "the opinions are [sic] Dr. Brady, Dr. Werner, and Dr. Gzaskow supports [sic] the findings that the claimant retains the ability to perform a reduced range of light work with simple tasks and *occasional interaction*, as defined herein." [Doc. No. 15-1, p. 49] (emphasis added). Clearly, any "difficulty" Plaintiff has in relating to others was both considered and accepted as a limiting factor in Plaintiff's RFC assessment.[3]

Plaintiff's social limitations were also explicitly noted in VE Pamela Bowman's testimony that Plaintiff could not work in occupations such as Escort Vehicle Driver or Order Clerk because of their public interaction component. [Doc. No. 15-1, p. 79]. Further, while ALJ Upshall was required to consider all of the evidence of record, he was not required to discuss every piece of evidence before him. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). Accordingly, Plaintiff's argument must fail.

### 2. Consideration of Obesity

Plaintiff next argues that although ALJ Upshall identified obesity as a severe impairment, he failed to consider its effect on Plaintiff's RFC. In support, Plaintiff points to several areas in the record that discuss her impairment of morbid obesity and its accompanying symptoms, concluding, without explanation, that the ALJ did not assess the matter adequately. [Doc. No. 18, p. 14, Doc. No. 28, p. 1].

When obesity is at issue, the ALJ must assess the effect it has on a claimant's RFC, taking into account its functional effects when combined with other impairments. SSR 02-1P,

---

[3] The Court finds it worth mention that Dr. Gzaskow's statement regarding Plaintiff's ability to interact with others was not the only such evidence before the ALJ. On page twelve of Petitioner's Disability Determination Explanation, for example, it is noted that Plaintiff is able to "interact adequately with co-works and supervisors." [Doc. No. 15-1, p. 96].

2002 WL 34686281 (Sep. 12, 2002).  The ALJ may not make assumptions in this regard, but instead must "evaluate each case based on the information in the case record." *Id.*

In his Findings of Fact and Conclusions of Law, ALJ Upshall specifically noted that he had "given due consideration to the claimant's obesity in assessing the claimant's residual functional capacity and, in this case, limiting the claimant to the performance of less than a full range of light work." [Doc. 15-1, p. 41].  At step four of his analysis, ALJ Upshall further stated that Plaintiff's obesity "did not require the use of an assistive device for ambulation….her body habitus did not affect her respiratory function, nor did it result in sleep apnea….[and] she did not suffer from edema of her extremities."  [Doc. 15-1, p. 45].

Additionally, ALJ Upshall gave "great weight" to the medical opinions of Drs. Eileen Brady and Mark Werner; both of whom concluded that Plaintiff could perform a reduced range of light work. [Doc. No. 15-1, p. 48]   In making their determinations, both doctors specifically noted that Plaintiff had postural limitations due in large part—although not exclusively—to her obesity.  [Doc. No. 15-1, pp. 93, 107].  ALJ Upshall also explicitly rejected Dr. Em Ward's opinion that Plaintiff was likely limited to sedentary work due to her obesity related back problems.  [Doc. No. 15-1, p. 48].  In so doing, he explained that Dr. Ward's findings were contrary to the evidence of record.  [*Id.*]

While ALJ Upshall could have engaged in a more particularized discussion of the functional effects of Plaintiff's obesity, his assessment of the matter complied with SSR 02-1P.  Additionally, Plaintiff has not provided any evidence to suggest that her obesity resulted in greater functional limitations than those identified by the ALJ; and, case law indicates that without such evidence, the Court must reject Plaintiff's claim.  *See Rose v. Colvin*, 634 F. App'x 632, 637 (10th Cir. 2015) (unpublished) (upholding an RFC determination that did not mention

obesity specifically and explaining that Plaintiff failed to offer evidence that her obesity resulted in functional limitations); *Smith v. Colvin*, 625 F. App'x 896, 899 (10th Cir. 2015) (denying a challenge to the ALJ's obesity evaluation and noting that the Plaintiff "has not shown that her obesity alone, or in combination with other impairments, resulted in any further limitations"); *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (unpublished) ("[Plaintiff] does not discuss or cite to any evidence showing that obesity further limited his ability to perform a restricted range of sedentary work").

### 3. Identified Occupations

Finally, Plaintiff argues that ALJ Upshall failed to reconcile the occupational evidence provided by VE Pamela Bowman with the information contained in the DOT, in violation of SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000).

Pursuant to SSR 00-4P, before an ALJ may rely upon evidence provided by a VE, he or she must investigate whether the evidence conflicts with the information found in the DOT and, if so, "obtain a reasonable explanation for the apparent conflict." SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000) *4. *See also Haddock v. Apfel*, 196 F.3d 1084, 1090-91 (10th Cir. 1999) (holding that an ALJ has the burden to develop the vocational evidence at step five of a disability determination and to resolve conflicts between evidence provided by a VE and the occupational information supplied by the DOT).

In the case at bar, ALJ Upshall elicited testimony from VE Pamela Bowman to help him determine whether any jobs existed in the national economy that could be performed by someone with Plaintiff's limitations. [Doc. 15-1, p.50]. Before beginning his examination of VE Bowan, ALJ Upshall asked her to keep her testimony consistent with the DOT, "to the extent possible," and to advise him of any inconsistencies. [Doc. 15-1, p. 77].

Following this admonishment, VE Bowman was given a hypothetical involving an individual with an RFC identical to the one assigned to Plaintiff. Based on the limitations presented, VE Bowman testified that the hypothetical individual could perform the light, unskilled jobs of laundry folder (DOT #361.587-010), housekeeper/office cleaner (DOT #323.687-014), and hand polisher (DOT #709.687-010). [Doc. 15-1, pp. 77-78]. ALJ Upshall deemed this testimony to be consistent with the information contained in the DOT and, ultimately, determined that Plaintiff is not disabled. [15-1, p. 50].

Plaintiff contends that the descriptions in the DOT for laundry folder, housekeeper/office cleaner, and hand polisher require capabilities outside of her assessed RFC. In regard to the job of laundry folder, Plaintiff claims that it requires frequent stooping, whereas she is limited to occasional stooping per her RFC.[4] Turning to the job of housekeeper/office cleaner, Plaintiff avers that such positions require an individual to render personal assistance to patrons, yet she is limited to occasional interaction with the public. As to the job of hand polisher, Plaintiff states that she is limited to only frequent handling and fingering with the right dominant hand, but that this position requires constant handling.

Even if the Court were to assume that Plaintiff's limitations preclude her from working as a laundry folder or a hand polisher, substantial evidence supports ALJ Upshall's determination that Plaintiff is able to work as a housekeeper/office cleaner. As a result, any inconsistencies between the VE's testimony and Plaintiff's RFC would not be fatal to the Commissioner's decision. *See, e.g.*, *Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007).

Each occupation listed in the DOT is assigned a numerical code that corresponds to various factors. A job's relationship to the worker functions of data, people, and things is

---

[4] In her response, the Commissioner concedes this point. [Doc. No. 26, p.12]. The Court notes that the stooping requirements to which the parties refer are found in the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), not the DOT, yet neither party cites to this reference.

reflected in the fourth, fifth, and sixth digits of the occupational code, respectively. DICOT App. B, 1991 WL 688701 (Jan. 1, 2016). Not only is the occupation of housekeeper, (DOT #323.687-014), assigned the lowest "people" function rating of eight (8), but the DOT also specifically notes that its relationship to people is "Not Significant." DICOT 323.687-014, 1991 WL 672783 (Jan. 1, 2016). Consequently, Plaintiff's contention that this occupation conflicts with her "occasional public interaction" limitation is meritless.

In addition, VE Bowman testified that there are 800,000 housekeeping/office cleaning jobs available in the national economy and 1,000 jobs available in New Mexico. [Doc. No. 15-1, p. 78]. Thus, even if the occupations of laundry folder and hand polisher were rejected, Plaintiff is still left with a suitable job option that exists in significant numbers in both the national and regional economies. *See, e.g.*, *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished) (finding that 152,000 jobs available in the national economy qualifies as a significant number).

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the Commissioner's rejection of Plaintiff's disability claim was based upon substantial evidence. Accordingly, the decision must stand. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992) ("As long as substantial evidence supports the ALJ's determination, the Secretary's decision stands").

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand to Agency for Rehearing [Doc. No. 18] is hereby **DENIED**.

*/s/ Kevin Sweazea*
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**